J. W. CHANCELLOR V. THE STATE.

No. 18747.   Delivered February 3, 1937.

618

The opinion states the case.

*R. H. Good,* of Cooper, and *Jesse E. Roach,* of Commerce, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for extortion; punishment, two years in the penitentiary.

We have carefully gone over every phase of Art. 365, P. C., defining the offense of extortion, also the decisions of this court construing same, as well as the facts in this case. The ways in which an officer authorized by law to collect for himself or another fees or purported fees, so as to make him amenable to this statute, are three: First, the wilful collection of any fee or fees not allowed by law; second, the wilful collection of any money as a purported fee for a service or act not done; third, the wilful collection of any fees in excess of the amount fixed by law as a fee for any particular service.

As will clearly appear, if appellant be guilty under any of these it would be the second,—and if we understand the record it was the attempt of the State, upon his trial, to so convict him. He was charged with wilfully demanding and receiving from Buster Shanks a purported fee of $8.00 for a service not performed,—in that he demanded and received from said Shanks said $8.00 as a purported fee for desisting and refraining from arresting said Shanks and others named on a misdemeanor charge,—of which he had verbally accused them,—which purported fee he was not entitled to demand or receive.

We turn aside to say that without contradiction, save from

appellant himself, this record discloses that he and one Patterson came to where a group of young people, four girls and four boys, had built a bonfire near a road at night, around which fire they were singing and telling stories. Appellant and his companion demanded a dollar from each of the group as a fee for not taking them to Cooper on vagrancy charges; and upon receipt of the $8.00 the group was allowed to go their ways.

There was no pretence in testimony that appellant, who was constable, or his companion, who was acting with appellant,— believed the party, or any of them, had violated any law, or that appellant had any right to arrest them or to take them before any court or officer, or that he had any right to take from them any money. As a matter of fact, appellant as a witness swore that he was not at the place where the transaction in question occurred, and denied getting any money or doing any of the things alleged. The jury's verdict showed their belief of his guilt.

Turning to the legal issues involved, we are reluctantly compelled to say that the facts do not bring the criminal act, if any, of the accused under the head of either of the three phases of extortion above mentioned. If we correctly understand Art. 365, P. C., in order to make an officer, authorized to demand and receive fees of office,—guilty of demanding and receiving money as a fee or purported fee for a service or act not done,— there would first have to be a service or act within the official duty of such officer which he had not done or did not do, but for the asserted doing of which he had demanded and received money as a fee. This seems clear.

Such, however, is not the case before us on its facts. None of the group of young people had violated the vagrancy law, or any other statute, as we read the record. No duty rested upon appellant as constable, or acting as a peace officer, to arrest any of said group, or take them before the nearest magistrate. What he did and threatened to do were alike wrongful and wholly aside from any duty of his as an officer. This being true we can not let this conviction stand. If the conviction was for theft by false pretext, or robbery under Art. 1409, P. C., our attitude might be different.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*