**Tommy Lee FOSTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–86–048 CR.**

Court of Appeals of Texas, Beaumont.

Feb. 18, 1987.

Rehearing Denied March 11, 1987.

Discretionary Review Refused May 27, 1987.

**46**

Rodney D. Conerly, Port Arthur, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant was convicted by a jury of the offense of burglary of a vehicle, a third-degree felony. *TEX. PENAL CODE ANN. sec. 30.04(c)* (Vernon 1974). The indictment alleged that Appellant had a prior felony conviction which was final when the present offense was committed. Appellant entered a plea of "untrue" to the enhancement allegation and the jury found that the allegation was true. The jury assessed punishment at 20 years confinement in the Texas Department of Corrections and $10,-000. fine. From this conviction and sentence, Appellant has perfected this appeal.

By his first point of error, Appellant argues that the evidence introduced at the punishment phase of the trial was insufficient to prove that the alleged prior conviction was final prior to commission of the present offense. The State alleged, before the commission of the instant offense, that:

"[O]n May 8, 1984, in Cause No. 42745, in the Criminal District Court of Jefferson County, Texas, [Appellant] was finally convicted of the felony of Burglary of a Motor Vehicle".

The maximum authorized punishment for a third-degree felony is 10 years confinement in the Texas Department of Corrections and a fine of $5,000. *TEX. PENAL CODE ANN. sec. 12.34* (Vernon 1974). If there is sufficient evidence in the record to prove that the Appellant was previously convicted of a felony, and that such conviction was final prior to commission of the primary offense, the jury was authorized to assess the punishment it assessed. *TEX. PENAL CODE ANN. sec. 12.42(a)* (Vernon 1974) and *TEX. PENAL CODE ANN. sec. 12.33* (Vernon 1974). *See also Jones v. State,* 711 S.W.2d 634 (Tex.Crim.App.1986). If the evidence of the finality of such prior conviction prior to the commission of the primary offense was insufficient, the punishment assessed by the jury is not authorized and the judgment of the trial court must be reversed. *See id.*

During the punishment phase, the State introduced its Exhibit Number No. 3 into evidence. State's Exhibit Number 3 contains a certified copy of a judgment of the Criminal District Court of Jefferson County in cause number 42745. In this judgment, signed March 13, 1983, the District Court found Appellant guilty of burglary of a motor vehicle and sentenced him to 3 years confinement in the Texas Department of Corrections, then suspended sentence and ordered Appellant placed on probation for 3 years. The second and third pages of State's Exhibit number 3 consists of a judgment revoking Appellant's probation in cause number 42745. The third and final page of this exhibit also recites that [Appellant] gave oral notice of appeal this date. The revocation judgment is dated May 8, 1984. The indictment alleged that Appellant committed the offense involved in the present case on or about July 13, 1985.

No further evidence was introduced before the jury to show whether Appellant's prior felony conviction was final prior to the commission of the offense for which Appellant was tried in this case. State's Exhibit 3a was introduced for purposes of the appellate record only. It was not before the jury. This last exhibit contains a certified copy of the mandate of this court affirming Appellant's conviction in cause number 42745 from the Criminal District

Court of Jefferson County. The mandate is dated January 7, 1985.

In its brief, the State now asks us to take judicial notice of the mandate of affirmance contained in State's Exhibit 3a. The State argues that we are authorized to do so by *Jones v. State,* 711 S.W.2d 634, 636 (Tex. Crim.App.1986). In *Jones, supra,* the State introduced the sentence from the prior felony conviction alleged in the indictment. That "sentence" revealed that the defendant gave notice of appeal from the conviction. The Court of Criminal Appeals held that "it then became the State's further duty to show the final disposition of such appeal", and reversed the defendant's conviction because the State failed to make a prima facie case that the conviction was final prior to the commission of the offense for which Jones was being tried.

In the present case, the State bases its argument on a footnote in *Jones, supra,* which stated:

"1. Even though we have been made aware that the appellant's prior conviction was affirmed by this Court in an unpublished per curiam opinion [citation omitted], in which this Court's mandate issued on December 15, 1975, and was executed on January 13, 1976, because 'We decline to review the records of another case to find support for contentions raised in this appeal' [citation omitted], we will not consider the record of that appeal. [citations omitted]"

The State argues that the Court of Criminal Appeals' statement in the footnote in *Jones, supra,* would authorize this Court to consider State's Exhibit 3a, because it is included in the record on appeal in this case. One of the cases cited in that footnote is *Cain v. State,* 468 S.W.2d 856 (Tex. Cr.App.1971). In *Cain,* the court stated that:

"[T]he proper predicate for the introduction of a defendant's 'prior criminal record' under the provisions of Article 37.07, V.A.C.C.P., must be laid in the trial court before the jury in the particular case should be permitted to consider the same. The fact *that in the event of an appeal* this Court may find another appellate record which may supply the deficiency in the predicate is not controlling...." (Emphasis theirs) *Cain, supra,* (Opinion on State's Motion for Rehearing)

■ We hold that this Court is not authorized to take judicial notice of State's Exhibit 3a because to do so would deprive the Appellant of his right to have his punishment assessed by the jury. *TEX.CODE CRIM.PROC.ANN. art. 27.02* (Vernon Supp.1987). Furthermore, there is no evidence as to whether, after the mandate of this Court issued, the Appellant pursued further appeals to the United States Supreme Court. *TEX.R.APP.P. 86.* Had the State put the mandate of this Court in evidence, the burden to prove that the conviction therein affirmed was not final before commission of this offense would have shifted to Appellant. *See Carter v. State,* 510 S.W.2d 323 (Tex.Crim.App.1974). Had the trial court been asked to take judicial notice of the mandate, Appellant would have had the opportunity to rebut the State's prima facie case that the conviction became final prior to the commission of the present offense. Should this Court take judicial notice of the mandate, we would deprive Appellant of this opportunity.

Even if we were inclined to take judicial notice of the entirety of our records, with regard to the appeal of Appellant's "prior" conviction to determine if and when that conviction became final, we are not authorized to do so. *See Cain v. State, supra,* (opinion on rehearing). The State's evidence showed that an appeal had been taken from the prior conviction and, therefore, it was the State's burden to prove what disposition was made of the appeal. *See Jones, supra,* at 636. Because the State failed to make a prima facie showing of finality, Appellant had no burden to carry and neither was he obligated to object to the lack of proof of finality of the alleged prior felony conviction. *Id.* The State failed to sustain its burden of proof.

Therefore, the judgment of the trial court is reversed and the cause is remanded. We perceive the State is prohibited from, again, attempting to use the alleged

prior felony conviction in cause number 42745 for the purpose of enhancing the Appellant's punishment at a new trial for this primary offense. We feel constrained to so rule. We would not order this prohibition if this was a case of first impression on this issue. *Jones, supra; Ex parte Gonzales,* 707 S.W.2d 570 (Tex.Crim.App. 1986); *Carter v. State,* 676 S.W.2d 353 (Tex.Crim.App.1984).

REVERSED AND REMANDED.