George Carver SHERMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–00438–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 14, 1988.

Kenneth W. Smith, Houston, for appellant.

John B. Holmes, Jr., Barbara Budros, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for possession of cocaine in an amount less than twenty-eight grams. Appellant was found guilty by a jury. Appellant pleaded not true to the enhancement paragraphs, the court found them true and assessed his punishment at thirty years confinement in the Texas Department of Corrections. We reverse the judgment and remand to the trial court for a new trial on punishment only.

Appellant originally asserted eleven points of error. However, on March 18, 1988, Appellant filed a Motion to Withdraw Points of Error and requested that this court withdraw from its consideration all of his points of error except point of error one. We hereby grant Appellant's Motion to Withdraw Points of Error. We will consider only Appellant's first point of error, in which he contends that the evidence was insufficient to prove the finality of one of the prior convictions alleged for enhancement. Appellant maintains that the State failed to prove that the 1974 conviction, cause number 203,353 alleged in the second enhancement paragraph, was final prior to the commission of the primary offense.

The State introduced the testimony of a fingerprint expert and two penitentiary packets to prove the enhancement allegations in the indictment. The State and the defense rested without the introduction of further evidence. The court then stated:

The Court finds the defendant, George Carver Sherman the same person who prior to the commission of the State [sic] said offense on October 20, 1986 had been *twice* convicted in the [sic] Court of

this jurisdiction on March 30, 1970 in Cause No. 143500 in the 184th District Court of the offense of robbery by assault. *On February 4, 1974 in Cause No. 203353* in the 178th District Court here in Harris County. *The Court further finds that the defendant having committed two prior felony offenses his punishment range is no less than 25, no more than 99 years or life.* (Emphasis added.)

The court sentenced Appellant to thirty years in the Texas Department of Corrections. Defense counsel made no objections to the evidence presented at the punishment phase of the trial.

■ The burden is on the State to make a prima facie showing that a prior conviction alleged for enhancement became final prior to the commission of the primary offense. *Jones v. State,* 711 S.W.2d 634, 635 (Tex.Crim.App.1986); *Diremiggio v. State,* 637 S.W.2d 926, 928 (Tex.Crim.App. 1982). Once this showing is made, the burden shifts to the defendant to prove that the conviction was not final. *Diremiggio v. State,* 637 S.W.2d at 928; *Foster v. State,* 727 S.W.2d 45, 47 (Tex.App.—Beaumont 1987, pet. ref'd).

The record shows that the sentence contained in the pen packet for cause number 203,353 recites that on February 4, 1974, Appellant gave notice of appeal to the Court of Criminal Appeals. The document does not indicate any disposition by the Court of Criminal Appeals. On appeal, the State has supplemented the record with the mandate of the Court of Criminal Appeals affirming the conviction in cause number 203,353. This mandate reflects that the affirmance was handed down on January 24, 1975, and was filed in the Harris County District Clerk's Office on January 27, 1975. The State requests that this court take judicial notice of the mandate of the Court of Criminal Appeals.

■ We hold that this Court is not authorized to take judicial notice of a mandate of affirmance which was not a part of the record below. To take judicial notice of the only evidence proving the finality of a conviction alleged to enhance Appellant's punishment would deprive him of his right

to have his punishment assessed by the trier of fact. *See Foster v. State,* 727 S.W.2d at 47. The trial court obviously based its determination of punishment on the existence of two final prior felony convictions. The State's proof was sufficient only as to one final prior conviction. We cannot speculate as to the punishment the trial court would have assessed if the conviction was enhanced by only one prior conviction. If the State had introduced the mandate at trial, Appellant would have had the burden of proving lack of finality and the opportunity to rebut the State's prima facie showing.

■ Where the record reflects that the defendant gave notice of appeal of a prior conviction alleged for enhancement, but does not show the disposition of that appeal, the State has failed to sustain its burden of proof and the defendant has no burden to carry nor is he obligated to object to the lack of proof of finality of the prior felony conviction. *Jones v. State,* 711 S.W.2d at 636; *Foster v. State,* 727 S.W.2d at 47. The State failed to prove the disposition of the appeal in cause number 203,-353 and thus failed to make a prima facie showing of the finality of that conviction. Point of error one is sustained.

■ Because we find error solely in the punishment stage of the trial, we remand this cause to the trial court for a new trial on punishment only. Tex. Code Crim.Proc. Ann. art. 44.29(b) (Vernon 1988). The double jeopardy provisions of the United States Constitution and of the Texas Constitution preclude the State from using the prior felony conviction in cause number 203,353 to enhance Appellant's punishment for the same primary offense. *Burks v. United States,* 437 U.S. 1, 16, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Ex parte Gonzales,* 707 S.W.2d 570, 572 (Tex.Crim.App. 1986).

Accordingly, the judgment of the trial court is reversed and remanded for a new trial as to punishment only.