Opinion issued September 14, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00497-CR




RONALD EUGENE MAGIC, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 958386




O P I N I O N

          Without an agreed punishment recommendation, appellant, Ronald Eugene
Magic, pleaded guilty to delivery of more than 200 but less than 400 grams of
cocaine. See Tex. Health & Safety Code Ann. § 481.112 (Vernon 2003). The
indictment contained two felony enhancement paragraphs, the first for burglary of a
habitation, and the second for possession of a controlled substance. Appellant
pleaded true to the burglary enhancement and not true to the possession enhancement. 
Following a pre-sentence investigation (PSI), the trial court found both enhancement
paragraphs true, thus raising appellant’s punishment status to that of an habitual
offender,


 and assessed punishment at 30 years’ confinement. In two points of error,
appellant contends that: (1) the evidence was insufficient to sustain the finding of true
for the enhancement paragraphs and (2) he received ineffective assistance of counsel. 
          We affirm the conviction, but reverse and remand for a new punishment
hearing. 
BACKGROUND
          Appellant was indicted for delivering between 200 and 400 grams of cocaine 
to an undercover police officer on or about August 14, 2003. The indictment alleged
one enhancement for felony burglary (cause number 459182) and one enhancement
for felony possession of a controlled substance (cause number 640970). On January
24, 2005, appellant signed a written judicial confession without an agreed punishment
recommendation. Appellant’s confession was accompanied by his acknowledgment
that he was admonished pursuant to article 26.13(d) of the Texas Code of Criminal
Procedure. See Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon 2003). A plea
proceeding was held later that day. At the proceeding, appellant indicated that he
would plead true to the burglary enhancement and not true to the possession
enhancement. Appellant then answered a series of questions from the trial court
indicating that: (1) he was pleading guilty of his own free will; (2) he had received
no promises in exchange for his guilty plea; (3) his attorney had satisfactorily
answered all his questions; (4) he understood the proceeding; (5) no one had told him
what his punishment would be; and (6) he understood that the trial court had yet to
determine his sentence pending the completion and review of the PSI. The trial court
found sufficient evidence to sustain appellant’s plea of guilty but deferred making a
formal finding until the sentencing proceeding.
          The sentencing proceeding took place on April 18, 2005. At its outset, the trial
court stated that the PSI had been prepared and presented to the court and asked
whether the State or appellant wished to raise any objections. Both parties
affirmatively stated that they had no objections to the PSI. Appellant, however,
indicated that he wished to withdraw his guilty plea and dismiss his attorney. 
Appellant stated that his attorney had in effect tricked him into entering his
confession by representing that confessing would make him eligible for deferred
adjudication. Appellant also complained that his attorney failed to file motions
requested by appellant and erroneously informed appellant that the trial court had
denied various motions appellant had filed pro se. In support of his contentions,
appellant filed a motion to appoint new counsel and a motion to withdraw his guilty
plea. The trial court denied appellant’s requests, entered a formal finding of guilt,
found both enhancement paragraphs true, and assessed appellant’s punishment at 30
years’ confinement. Appellant timely appealed. 
DISCUSSION
Sufficiency of Evidence to Sustain Finding of True as to Both Enhancement
Paragraphs

          In his first point of error, appellant contends that the evidence was legally and
factually insufficient to support the trial court’s decision to find the enhancement
paragraphs true.



          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational fact finder could
have found the essential elements of the crime beyond a reasonable doubt. Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000). In conducting a factual sufficiency review, we consider
all of the evidence in a neutral light and determine whether the jury was rationally
justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d
477, 484 (Tex. Crim. App. 2004). There are two ways in which evidence may be
factually insufficient. Id. at 484. First, the evidence supporting the verdict, standing
alone, may be too weak to support the finding of guilt beyond a reasonable doubt. Id. 
Second, in a case where there is both supporting and contrary evidence, the contrary
evidence may be so strong that the beyond-a-reasonable-doubt standard could not
have been met. Id.
          The State’s inclusion of the enhancement paragraphs served to substantially
increase appellant’s range of punishment. A person with no felony enhancements
who is convicted of delivering between 200 and 400 grams of cocaine may be
assessed a prison sentence of no less than 10 years and no more than 99 years or life. 
See Tex. Health & Safety Code Ann. § 481.112(a), (e). While the maximum
prison sentence remains constant at 99 years or life, the minimum prison term a
defendant may receive increases to 15 years when one felony enhancement is found
to be true. See Tex. Pen. Code Ann. § 12.42(c)(1). When two felony enhancements
are found to be true, as is the case here, a defendant found guilty of a felony may be
assessed no fewer than 25 years’ confinement. Id. § 12.42(d). 
          Before the State may use enhancement paragraphs to increase a defendant’s
range of punishment it must prove that they are true beyond a reasonable doubt. See
Williams v. State, 980 S.W.2d 222, 226 (Tex. App.—Houston [14th Dist.] 1998, no
pet.). When the State seeks to punish a defendant as an habitual offender, and thus
includes two felony enhancement paragraphs in the indictment, the State must show
that the defendant committed each successive felony after the prior conviction was
final.


 See Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2005). Here, the
enhancement paragraphs read:
Before the commission of the [primary offense], on March 31, 1987, in
[cause number] 459182, in the 185th District Court of Harris County,
Texas, the defendant was convicted of the felony of burglary of a
habitation.
 
Before the commission of the primary offense, and after the conviction
in [cause number] 459182 was final, the defendant committed the felony
of possession of a controlled substance and was finally convicted of that
offense on February 5, 1993, in [cause number] 640970 in the 178th
District Court of Harris County, Texas. 

Thus, for the State to show that appellant was subject to punishment as an habitual
offender it was required to show, beyond a reasonable doubt, that before commission
of the primary offense appellant had been finally convicted in cause numbers 459182
and 640970. See id.; Casey v. State, 708 S.W.2d 914, 916 (Tex. App.—Houston [1st
Dist.] 1986, pet. ref’d). 
          There are several ways the State may prove that a conviction is final and is true
beyond a reasonable doubt. For instance, a defendant’s plea of true to an
enhancement paragraph provides legally and factually sufficient evidence to find the
paragraph true beyond a reasonable doubt. See Wilson v. State, 671 S.W.2d 524, 525
(Tex. Crim. App. 1984). When a defendant pleads not true, the State typically
introduces a defendant’s pen packet accompanied by expert testimony from a
fingerprint expert who testifies that the fingerprints in the pen packet match the
defendant’s. In addition, the contents of a PSI alone may be sufficient to prove an
enhancement paragraph so long as the trial court takes judicial notice of the PSI, 
neither party objects to its accuracy, and the PSI is included in the appellate record. 
See Montgomery v. State, 876 S.W.2d 414, 415–16 (Tex. App.—Austin 1994, pet.
ref’d). 
          Here, appellant contends that the State presented legally and factually
insufficient evidence for the trial court to enter a finding of true as to both
enhancement paragraphs contained in the indictment. We disagree with appellant’s
argument in respect to the enhancement paragraph reflecting cause number 459182. 
Appellant pleaded true to that paragraph. By virtue of his plea, the evidence was
legally and factually sufficient to support the trial court’s finding that the paragraph
was true. See Wilson, 671 S.W.2d at 525. On appeal, a defendant who has pled true
to an enhancement paragraph can contend that the evidence is insufficient to support
the paragraph only when “the record affirmatively reflect[s] that the prior conviction
should not have been used for enhancement purposes.” Mikel v. State, 167 S.W.3d
556, 559–60 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (quoting Cruz v. State,
No. 01-00-00463-CR, 2001 WL 1168273, at *1 (Tex. App.—Houston [1st Dist.] Oct.
4, 2001, no pet.) (not designated for publication)). Because the record before us does
not support such a claim, appellant cannot complain that the evidence was insufficient
to support a finding of true as to the first enhancement paragraph. 
          Regarding the second enhancement paragraph, appellant’s plea of “not true”
required the State to present evidence proving beyond a reasonable doubt that
appellant had been finally convicted in cause number 640970 prior to committing the
primary offense. See Tex. Pen. Code Ann. § 12.42(d); Spiers v. State, 552 S.W.2d
851, 852 (Tex. Crim. App. 1977); Williams, 980 S.W.2d at 226. Absent such a
showing, appellant could not be sentenced as an habitual offender. See Tex. Pen.
Code Ann. § 12.42(d). Appellant contends that the State failed to prove that he had
been finally convicted in cause number 640970 prior to commission of the primary
offense. We agree. 
          The record reflects that the only evidence introduced by the State to prove up
appellant’s conviction in cause number 640970 was a booking sheet containing the
notation, “[received] written notice of appeal [for cause number] 640970.” Thus,
according to the State’s own evidence, appellant’s conviction in the second
enhancement paragraph was on appeal at the time the primary offense was committed. 
Morever, the PSI report failed to reflect that appellant’s conviction was final. As
noted, a PSI report will suffice to prove an enhancement paragraph if the trial court
takes judicial notice of the report, neither party objects to its accuracy, and the PSI
report is included in the appellate record. See Montgomery, 876 S.W.2d at 415–16. 
Here, although each of these predicates is satisfied,


 the report fails to indicate that
appellant was finally convicted in cause 640970. Indeed, the report itself tends to
suggest that appellant’s conviction in cause 640970 was not final.


 Because the PSI
did not indicate that appellant had been finally convicted in cause 640970, appellant’s
failure to object to the report can be construed only as an admission that he was
convicted at trial, and not as an admission that his conviction was final. 
           A review of our own records indicates that appellant was finally convicted in
cause 640970 with a mandate issuing on November 2, 1995. See Magic v. State, 878
S.W.2d 309, 309 (Tex. App.—Houston [1st Dist.] 1995, pet. ref’d). However, as we
interpret the court of criminal appeals holding in Turner v. State, an appellate court
“[cannot] look to records in other cases to supply factual deficiency in the case before
it.” 733 S.W.2d 218, 223 (emphasis added). Here, taking judicial notice of the final
conviction in cause number 640970 would require us to look to another case, namely
Magic, 878 S.W.2d at 309. In accordance with Turner, we decline to take such a step
for the purposes of finding appellant’s conviction in cause 640970 to be final, as
doing so would impermissibly relieve the State of its burden to show the finality of
appellant’s conviction beyond a reasonable doubt. See Sherman v. State, 750 S.W.2d
855, 856–57 (Tex. App.—Houston [14th Dist.] 1988, no pet.).


 
          For the foregoing reasons, we conclude that the record fails to establish that
appellant was finally convicted in cause number 640970 and hold that the evidence
was legally insufficient to prove the finality of appellant’s conviction in cause number
640970. We thus sustain appellant’s first point of error as it pertains to the second
enhancement paragraph.
          Ineffective Assistance of Counsel
          In his second point of error, appellant contends that he received ineffective
assistance of counsel. 
          We evaluate the effectiveness of counsel under the two-pronged test enunciated
in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See Hernandez
v. State, 988 S.W.2d 770, 774 (Tex. Crim. App. 1999). First, the defendant must
show that his counsel’s representation fell below an objective standard of
reasonableness. Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. To prove this
deficiency in representation, the defendant must demonstrate that his counsel’s
performance deviated from prevailing professional norms. Id. at 688, 104 S. Ct. at
2065; McFarland v. State, 845 S.W.2d 824, 842–43 (Tex. Crim. App. 1992). Second,
the defendant must show prejudice. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. 
This requires the defendant to show that there is a reasonable probability that but for
his counsel’s unprofessional errors the result of the proceeding would have been
different. Id. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id. 466 U.S. at 694, 104 S. Ct. at
2068. The failure to satisfy one prong of the Strickland test negates a court’s need
to consider the other. See id. at 697, 104 S. Ct. at 2069. 
          An appellant bears the burden of proving by a preponderance of the evidence
that his counsel was ineffective. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999). The appellant must overcome the presumption that his trial counsel’s
strategy was sound and must affirmatively demonstrate the alleged ineffective
assistance of counsel. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App.
2003); Thompson, 9 S.W.3d at 814. We cannot speculate beyond the record
provided; rather, a reviewing court must presume that the actions were taken as part
of a strategic plan for representing the client. Young v. State, 991 S.W.2d 835,
837–38 (Tex. Crim. App. 1999). 
          Although appellant cites eleven specific instances of ineffectiveness on the part
of his trial attorney,


 we need only consider the contentions appellant adequately
briefed on appeal.


 Moreover, because our disposition of appellant’s first point of
error compels us to remand the cause for a new punishment hearing, we need not
consider appellant’s contentions regarding the ineffectiveness of his counsel at
punishment. Thus, we limit our review to those contentions adequately briefed by
appellant and relating to the performance of counsel during the guilt-innocent phase
of his case. These include appellant’s claims that his trial counsel rendered
ineffective assistance by failing to: (1) file any motions on appellant’s behalf or to
adopt the pro se motions filed by appellant; (2) obtain a determination that appellant
was fit to stand trial; (3) make appellant aware of the fact that he was highly unlikely
to receive deferred adjudication; and (4) withdraw from representing appellant upon
appellant’s request. 
          At the outset, we note that the record is devoid of any explanatory information
regarding the actions of appellant’s counsel. In the absence of a proper evidentiary
record, it is extremely difficult to show that trial counsel’s performance was deficient
and we must presume that his actions were taken as part of strategic plan for
representing his client. See Rylander, 101 S.W.3d at 110–11 (record insufficient to
support ineffective assistance of counsel claim where record was silent regarding
reason counsel failed to call expert witness, failed to file pre-trial motions, and failed
to adequately prepare witnesses); Young, 991 S.W.2d at 837–38; Gibbs v. State, 7
S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d); Mares v. State,
52 S.W.3d 886, 891 (Tex. App.—San Antonio 2001, pet. ref’d) (failure to file pretrial
motions is not categorically deemed ineffective assistance of counsel because trial
counsel may decide not to file pre-trial motions as part of his trial strategy).
          With respect to appellant’s specific contentions, trial counsel’s failure to file
pretrial motions is not per se ineffective assistance of counsel. Bonilla v. State, 740
S.W.2d 583, 586–87 (Tex. App.—Houston [1st Dist.] 1987, pet. ref’d). Unless
appellant shows that the pretrial motion had merit and that a ruling on the motion
would have changed the outcome of the case, counsel will not be ineffective for
failing to assert the motion. Jackson, 973 S.W.2d at 957 (citing Roberson v. State,
852 S.W.2d 508, 510–12 (Tex. Crim. App. 1993)). Here, appellant made no such
showing in regard to the motions his counsel failed to file or the pro se motions his
counsel elected not to adopt.


 Appellant also complains that his trial counsel falsely
represented to him that he would be likely to receive deferred adjudication if he
agreed to plead guilty. The record, however, does not support such a contention, and
thus we must reject it. See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App.1996).
          Finally, although the record contains an assertion by appellant that he suffers
from bipolar disorder, (1) he represented to the court that he fully comprehended the
proceedings and (2) he filed several complex pro se motions revealing a deft
understanding of the proceedings and various legal matters. Considering that a trial
court is in a much better position to judge the competency of a defendant than is an
appellate court, we cannot say that appellant’s counsel deviated from professional
norms by not requesting a competency determination. See LaHood v. State, 171
S.W.3d 613, 619 n.2 (Tex. App.—Houston [14th Dist.] 2005, no pet.). 
          Thus, based on our review of the record we are unable to say that the
performance of appellant’s trial counsel deviated from professional norms. See
Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. Therefore, we overrule appellant’s
second point of error as it applies to the effectiveness of his counsel prior to the
punishment hearing. CONCLUSION 
          We affirm the judgment of the trial court, which finds appellant guilty of
possession of a controlled substance. Because we conclude that the record did not
establish that appellant was finally convicted in cause number 640970, we reverse
that portion of the judgment assessing punishment and remand for a new punishment
hearing. See Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2005). 
                                                             
 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Keyes, Alcala, and Bland.
Publish. Tex. R. App. P. 47.2(b).