**John Thomas GLORIOSO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–86–00444–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 2, 1988.

Julie Frances Hill, Catherine Greene Burnett, Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This case is before us on remand from the Court of Criminal Appeals. *Glorioso v. State*, 746 S.W.2d 483 (Tex.Crim.App.1988). The mandate calls for us to reconsider Appellant's fifth point of error in light of *Jones v. State*, 711 S.W.2d 634 (Tex.Crim. App.1986).

In his fifth point of error, Appellant contends that the evidence is insufficient to prove the finality of one of the prior convictions alleged for enhancement. He asserts that State's Exhibit 32, which contains the notation that Appellant's appeal in Cause No. 354,405 was final, was never introduced into evidence before the jury and therefore there was no proof at trial that the conviction was final prior to the commission of the primary offense.

Our review of the record reveals that a hearing was conducted outside the presence of the jury to determine the admissibility of the prior judgments, sentences and jail cards for the purpose of proving the enhancement paragraphs. Appellant had four prior felony convictions, two were reflected in each of the two judgments. The State elected to allege only one conviction from each judgment. During the hearing, the Clerk of the 180th District Court of Harris County, Texas, was called as a witness. She identified the documents contained in State's Exhibit 32 as the judgment and sentence in cause number 354,-405. The judgment bears a notation that on February 14, 1983, Appellant gave notice of appeal to the Court of Appeals. However, it also contains the further notation that:

"On this the 13th day of October, A.D., 1983, Mandate of Affirmance was received from the First Supreme Judicial District of Texas, sentence is to begin April 19, 1982."

Exhibit 32 was admitted into evidence at this hearing. At the conclusion of the hearing, the trial court judge ruled that the penitentiary packets, *State's Exhibits 34 and 35*, "would be appropriate to present to the jury with respect to the enhancement paragraphs" and further stated that, "The other evidence, of course, will not [be introduced into evidence before the jury], because they are considered simply cumulative." The trial court was not aware that the only evidence of the finality of the judgment in cause number 354,405 was in Exhibit 32.

Appellant pled not true to both enhancement paragraphs. The State introduced Exhibits 34 and 35, as well as fingerprint and reputation evidence. State's Exhibit 35, otherwise identical to State's Exhibit 32, *lacks* the paragraph indicating that the conviction was affirmed by the First Court of Appeals. Therefore, there was evidence of an appeal from the conviction but no evidence of the affirmance or finality of the appeal.

The burden is on the State to make a prima facie showing that a prior conviction alleged for enhancement became final prior to the commission of the primary offense. *Jones v. State*, 711 S.W.2d 634, 635 (Tex. Crim.App.1986); *Diremiggio v. State*, 637 S.W.2d 926, 928 (Tex.Crim.App.1982); *Sherman v. State*, 750 S.W.2d 855, 856 (Tex.App.—Houston [14th Dist.] 1988, no pet.) (not yet reported). Once this showing is made, the burden shifts to the defendant to prove that the conviction was not final. *Diremiggio v. State*, 637 S.W.2d at 928; *Sherman v. State*, 750 S.W.2d 856; *Foster v. State*, 727 S.W.2d 45, 47 (Tex.App.—Beaumont 1987, pet. ref'd). A conviction from which an appeal has been taken is not considered to be a final conviction until the conviction is affirmed by the appellate court and that court's mandate of affirmance becomes final. *Jones v. State*, 711 S.W.2d at 636.

Where the evidence before the trier of fact reflects that the defendant gave notice of appeal of a prior conviction alleged for enhancement, but does not show the disposition of that appeal, the State has failed to sustain its burden of proof and the defendant has no burden to carry nor is he obligated to object to the lack of proof of finality of the prior felony conviction. *Jones v. State*, 711 S.W.2d at 636; *Sherman v. State*, 750 S.W.2d at 857. We previously held that the evidence of finality was in the courtroom and available to all parties. We further held that the Appellant could not "lay behind the log" and later take advantage of the erroneous exclusion of Exhibit 32 from the evidence before the jury. However, based on *Jones,* we must now hold that the State failed to prove the disposition of the appeal in Cause No. 354,405 and thus failed to make a prima facie showing of the finality of that conviction. Point of error five is sustained.

We have previously evaluated and overruled Appellant's other points of error in *Glorioso v. State*, 744 S.W.2d 202 (Tex. App.—Houston [14th Dist.] 1987). Because we find error solely in the punishment stage of the trial, we remand this cause to the trial court for a new trial on punishment only. TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon 1988). The double jeopardy provisions of the United States Constitution and the Texas Constitution preclude the State from using the prior felony conviction in Cause No. 354,405 to enhance Appellant's punishment for the same primary offense. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978); *Ex parte Gonzales*, 707 S.W.2d 570, 572 (Tex.Crim.App.1986).

Accordingly, the judgment of the trial court is reversed and remanded for a new trial as to punishment only.