**Allen Scott RUSSELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 234–88.

Court of Criminal Appeals of Texas, En Banc.

June 20, 1990.

David J. Adkins, Abilene, for appellant.

Jorge A. Solis, Dist. Atty., Abilene and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

On April 23, 1987, appellant was adjudged guilty of aggravated robbery and sentenced to a ninety-nine year term in the state penitentiary after the sentencing jury had found an enhancement allegation to be "true."

On direct appeal, the Court of Appeals held, *inter alia*, that the State had failed to prove the finality of the conviction used to enhance appellant's punishment. *Russell v. State*, 744 S.W.2d 699 (Tex.App.—Eastland 1988). The court then proceeded to apply a harmless error analysis to this failure of proof, and decided that the insufficiency of the State's evidence concerning the enhancement was harmless error. The enhancement finding was deleted, but the judgment of the trial court, as reformed, was then affirmed. We granted review of this holding and will now reverse the judgment of the Court of Appeals and remand to the trial court.

■ A harmless error analysis should not be undertaken when the State fails to meet its burden of proof. This general principle was applied in the context of convictions used for enhancement in *Jones v. State*, 711 S.W.2d 634 (Tex.Cr.App.1986). In that case, the indictment charged the prior commission of an offense which the State sought to use for enhancement purposes. The evidence, however, failed to prove that the conviction was final, as required by the terms of the indictment. Judge Teague, writing for a unanimous Court, stated

> The averment in an indictment that an accused person has been convicted is sufficient to *charge* the finality of the prior felony conviction. However, this does not mean that such an averment is self-proving. *Scott v. State*, 553 S.W.2d 361

(Tex.Cr.App.1977). It is a mere pleading and it is now axiomatic that a pleading is never self-proving. To hold otherwise would render the State's burden of proof meaningless.

*Id.* at 635.

■■■ It is well settled that a conviction from which an appeal has been taken is not considered to be final until the conviction is affirmed and the court's mandate of affirmance becomes final. *Jones* at 636; *Carter v. State*, 510 S.W.2d 323 (Tex.Cr. App.1974). In the instant case, the judgment for the prior conviction relied on for enhancement recited on its face that "Defendant gave Oral Notice of Appeal this Date in Open Court, November 30, 1982." The only other evidence concerning the judgment's finality consisted of testimony from a probation officer who stated that she had no knowledge whether appellant's prior conviction had become final prior to the date of the instant offense. This evidence is insufficient to satisfy the predicate necessary for the conviction's use to enhance. *Jones* at 636.

■■■ The burden is on the State to make a prima facie showing that any prior conviction used for enhancement became final before the commission of the primary offense. *Id.* at 635; *Diremiggio v. State*, 637 S.W.2d 926, 928 (Tex.Cr.App.1982). Since the State failed to meet its burden to prove the enhancing conviction's finality, the proper remedy is a reversal and remand. *Jones* at 636. See also *McGinnis v. State*, 746 S.W.2d 479 (Tex.Cr.App.1988); *Glorioso v. State*, 753 S.W.2d 454, 455–456 (Tex.App.–Houston [14th Dist.] 1988); *Sherman v. State*, 750 S.W.2d 855, 856–857

(Tex.App.–Houston [14th Dist.] 1988); *Foster v. State*, 727 S.W.2d 45 (Tex.App.–Beaumont 1987). The State is prohibited from future use of the insufficiently proved prior conviction for the purpose of attempting to enhance the appellant's punishment for the primary offense. *Jones* at 636 and the cases cited therein.

The judgment of the Court of Appeals is reversed and this cause is remanded to the trial court.

McCORMICK, P.J., concurs in the result.

TEAGUE, Judge, concurring on appellant's petition for discretionary review.

The record reflects that the jury convicted Allen Scott Russell, henceforth appellant, of aggravated robbery, a first degree felony. Punishment, enhanced with one prior conviction for the offense of felony escape,[1] was assessed by the jury at 99 years' confinement in the Department of Corrections.[2]

On direct appeal to the Eastland Court of Appeals, appellant asserted, inter alia, that the State failed to prove that the alleged prior felony conviction of escape had become final. The State agreed with appellant's contention, which is understandable given the fact that the sentence that pertains to the escape conviction clearly reflects thereon the following: "Defendant gave Oral Notice of Appeal this Date in Open Court, November 30, 1982." At that time, giving oral notice of appeal was permitted to invoke the jurisdiction of the intermediate appellate court over the appeal.

---

**1.** It was alleged in the enhancement paragraph, to which appellant pled not true, and on which the jury was instructed, that appellant was convicted on November 30, 1982, in cause number 7318–B in the 104th District Court of Taylor County of a felony offense, to-wit: escape. The jury was also instructed that if it found the enhancement allegation "true", and also found that it was final prior to the commission of the primary offense, it could assess appellant's punishment at confinement in the Department of Corrections for life or for any term of not less than fifteen years nor more than ninety-nine years and a fine up to $10,000. The jury found the enhancement allegation "true" and assessed

appellant's punishment at 99 years' confinement in the Department of Corrections, but did not assess any fine. The jury was further instructed that if it did not find the allegations of the enhancement paragraph "true", then it was to assess appellant's punishment "for life or for any term of not more than 99 years or less than 5 years, and in addition to imprisonment, the defendant may be assessed a fine not to exceed $10,000.00."

**2.** Now the Texas Department of Criminal Justice, Institutional Division.

See former Art. 44.08, V.A.C.C.P. The court of appeals, in a published opinion, agreed with the State's concession of error, but also held that the error was harmless under Rule 81(b)(2), T.R.A.P., and reformed the trial court's judgment by deleting the enhancement finding from the judgment. See *Russell v. State,* 744 S.W.2d 699 (Tex. App.–Eastland 1988). The majority opinion holds that "A harmless error analysis should not be undertaken when the State fails to meet its burden of proof [to sustain an element of the primary offense or an element of an enhancement allegation]." (Page one of slip opinion.) Therefore, this should conclude any discussion why this Court granted appellant's petition for discretionary review, namely, whether the court of appeals' decision that the error was harmless beyond a reasonable doubt was correct. However, I find that the court of appeals is also entitled to know why its reliance upon this Court's decision of *Swoape v. State,* 658 S.W.2d 600 (Tex. Cr.App.1983), upon which it appears to have so heavily relied in reaching its decision, that the error was harmless, is misplaced, and why *Swoape* should be expressly overruled.

Given the state of the law at this time that governs the permissible use of a valid final prior felony conviction for enhancement of punishment purposes, I agree with the State's concession of error and the decision by the court of appeals to sustain appellant's ground of error that the alleged prior felony conviction of escape that appellant previously sustained should not have been admitted into evidence because the State did not show that it had become a final conviction prior to the commission of the alleged primary offense. In *Jones v. State,* 711 S.W.2d 634 (Tex.Cr.App.1986), this Court held in an almost identical factual situation as here that where the State introduces into evidence the judgment of conviction or sentence that pertains to an alleged prior felony conviction, and the judgment or sentence reflects that notice of appeal had been given in that cause, "It then becomes the State's further duty to show the final disposition of such appeal." (636). Of course, when the State itself

introduces into evidence, as occurred in *Jones* and in this cause, a judgment of conviction or sentence that reflects a lack of finality in the prior conviction, the State then has the burden to establish the finality of the alleged prior conviction. In that instance, "the State itself raised the question as to what disposition was made of the appeal. It thus had the burden of proof to establish what disposition was made of the appeal." *Id.,* at page 636. Also see *McGinnis v. State,* 746 S.W.2d 479 (Tex.Cr. App.1988); *Glorioso v. State,* 753 S.W.2d 454, 455–456 (Tex.App.–Houston [14th Dist.] 1988); *Sherman v. State,* 750 S.W.2d 855, 856–857 (Tex.App.–Houston [14th Dist.] 1988); *Foster v. State,* 727 S.W.2d 45 (Tex.App.–Beaumont 1987).

The court of appeals, after finding that error existed, because of the admission into evidence of the non-final felony conviction, nevertheless found that the error did not make any contribution to one of the maximum possible punishments, 99 years' confinement in the penitentiary, which the jury assessed appellant. Thereafter, the court of appeals, after reforming the judgment by deleting the enhancement finding, affirmed the trial court's judgment. We granted the appellant's petition for discretionary review in order to make the determination whether the court of appeals' decision that the error was harmless beyond a reasonable doubt was correct.

To better understand the court of appeals' rationale why it concluded that the error was harmless beyond a reasonable doubt to appellant, I believe that it is necessary to set out some additional facts of the case.

The record reflects that appellant was placed on probation on March 23, 1982, for committing the offense of burglary of a motor vehicle. It also reflects that on September 24, 1982, his probation was revoked for committing the offense of escape from his probation officer's office. Appellant received a five year prison sentence on the burglary conviction and a three year prison sentence on the escape conviction, to be served consecutively. Although the record is clear that appellant appealed his prior

felony escape conviction, the record does not reflect or indicate that he also appealed either the burglary conviction after that happened or the trial court's decision to revoke his probation.

In reaching its holding that the error was harmless under Rule 81(b)(2), Tex.R.App. Proc., the court of appeals first held that the prior felony conviction for escape was admissible during the punishment stage of the trial, "without regard to whether the appellate proceedings were final. See TEX.CODE CRIM.PRO.ANN. art. 37.07, sec. 3 (Vernon Supp.1988)." I find that this statement, without any clarification, is erroneous. At the time of appellant's trial, the term "prior criminal record" was defined in the statute to mean "a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged." Art. 37.07, § 3(a), prior to amendment. The record before us reflects that after appellant was convicted for committing the offense of escape, he was not placed on adult probation. However, by the wording of his sentence, he did appeal that cause, which prevented it from becoming at that time a final conviction. Thus, under the circumstances of this cause, and under Art. 37.07, § 3(b), as the statute was then worded, the prior conviction for escape was not admissible at the punishment phase of appellant's trial in this cause.

The court of appeals next considered the fact that the jury was instructed that the minimum possible punishment that the jury could assess, both with and without enhancing the punishment through the use of the prior escape conviction, was either five (5) years' confinement in the penitentiary or 15 years' confinement in the penitentiary. Without explanation, the court of appeals concluded: "The record is clear that the jury was not considering the minimum sentence [neither the 5 year nor the 15 year minimum]." It appears that the court reached this conclusion because (1) there was in evidence the fact that appellant had previously sustained two prior felony convictions, or (2) because appellant's counsel argued to the jury for it not to assess

appellant's punishment at anything greater than 25 years' confinement in the penitentiary. The issue, however, is whether the erroneous admission into evidence of the prior non-final felony conviction for escape made any contribution to the jury's assessment of 99 years' confinement in the penitentiary as appellant's punishment, and not whether the jury was or was not considering anything from 5 years to 99 years or anything from 15 years to 99 years, nor whether the jury was treated to a showing that appellant had previously sustained two prior felony convictions, nor whether appellant's trial attorney argued for a sentence that exceeded either minimum sentence.

Lastly, the court of appeals appears to have placed some reliance upon this Court's decision of *Swoape v. State,* 658 S.W.2d 600 (Tex.Cr.App.1983). "See also *Swoape v. State,* 658 S.W.2d 600 (Tex.Cr.App.1983), where the Court of Criminal Appeals came to the same conclusion even before the adoption of Rule 81(b)(2)...."

I first point out that when *Swoape* was decided by this Court, "It ha[d] long been a general rule that a prior conviction cannot be used more than once to enhance punishment ... And this rule has been held to apply when two cases are tried together...." *Swoape,* at 601. However, by the time the defendant *Swoape*'s appeal was decided, the law had changed to permit the use of a prior conviction any number of times for the purpose of enhancing punishment. See V.T.C.A., Penal Code § 12.46.

The facts in *Swoape* reflect that the defendant was convicted on two counts in the same indictment of aggravated robbery. One prior felony conviction was alleged to enhance the punishment. Punishment on the first count was assessed at fifty (50) years' confinement in the penitentiary; on the second count, ninety-nine (99) years', with the same prior conviction being used to enhance punishment on both convictions. This Court held that given the state of the law when the defendant was convicted and punished, the prior conviction was available to enhance punishment under the first count of the indictment, but not available to enhance punishment under the second

count of the indictment. Thus, there was no error as to the first count, and the assessment of the enhanced 50 year punishment on that count was proper. However, having "spent" the prior conviction under the first count, it was error to reuse the prior conviction to enhance punishment on the second count of the indictment. It was, however, proper to use the prior conviction for general punishment purposes under Art. 37.07, V.A.C.C.P. This Court applied a type of harmless error analysis to the error. It concluded that "The only difference between the range of punishment given and that which should have been given was the minimum penalty—the difference between 5 years and 15 years." It also concluded that given the fact that the jury assessed 99 years as the defendant's punishment, the erroneous use of the prior conviction did not also establish the fact that the jury was concerned with assessing punishment at the minimum penalty of 15 years. "While there was error, we cannot conclude under the circumstances of this particular case that the error was such as to call for an entirely new trial. The error was harmless beyond a reasonable doubt. The sentence is reformed to show that on the second count the appellant is sentenced to serve not less than five years nor more than 99 years."

I find that the court of appeals in this cause used the same rationale that this Court used in deciding the issue in *Swoape*. I also now find that the rationale that was used in *Swoape* is extremely flawed. To the extent that *Swoape* conflicts with what we hold in this cause, it is expressly overruled.

As previously pointed out, the defendant in *Swoape* received two punishments; one, enhanced, for 99 years; the other, unenhanced, for 50 years. In reforming the 99 year sentence in *Swoape* to "not less than five years nor more than 99 years," this amounted to this Court assessing the defendant's punishment to not less than 5 years nor more than 99 years. However, our law is clear that this Court at that time did not have the lawful authority to assess punishment. See *Ocker v. State*, 477 S.W.2d 288, 290 (Tex.Cr.App.1972). Cf.

Art. 44.29, V.A.C.C.P. Furthermore, in *Harris v. State*, 790 S.W.2d 568 (Tex.Cr. App.1989), this Court held that "it must be emphasized that the function of an appellate court's harmless error analysis is not to determine how the appellate court would have decided the facts, but to determine to what extent, if any, an error contributed to the conviction or the punishment." Under *Arnold v. State*, 784 S.W.2d 372 (Tex.Cr. App.1990), this Court held that in making the determination whether the error was harmless under Rule 81(b)(2), the burden of proof is on the beneficiary of the error, which in this instance is the State.

In *Uribe v. State*, 688 S.W.2d 534 (Tex. Cr.App.1985), this Court held that "an appellate court will not presume that the jury would have assessed the same punishment if the jury had been correctly instructed that the law holds the offense to deserve a lesser maximum punishment." (538). This Court in *Uribe* also held that "The submission to the jury of a penalty range more severe than that authorized by law deprived appellants of a fair and impartial trial, even though the jury assessed punishment within the lawful range. Art. 36.19, V.A.C.C.P.; *Stein v. State*, 515 S.W.2d 104 (Tex.Cr.App.1974)." (539).

Here, there is no question that the trial court erred in submitting to the jury the enhancement allegation in the 99 year case, i.e., the jury should have been instructed that the range of punishment was not less than 5 years nor more than 99 years or life imprisonment and a possible fine up to $10,000. I am unable to state beyond a reasonable doubt that had the jury not been instructed on enhancement of punishment it would have still assessed appellant's punishment at 99 years' confinement in the penitentiary. Furthermore, the error became aggravated when the district attorney argued to the jury that the prior conviction was a final conviction, when he knew or should have known under our law that it was not a final conviction, and also argued to the jury that the burden of proof was on appellant to prove that the prior conviction was not final, when it was the

State itself, by introducing into evidence the exhibit, that accepted that burden of proof. Therefore, even if this Court applied the Rule 81(b)(2) harmless error test, it would still be necessary to reverse the judgment of the court of appeals.

Therefore, I concur.