

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-06-099-CV

IN THE INTEREST OF

C.R., E.R., AND R.R., JR., CHILDREN

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION ON APPELLANT'S
## MOTION FOR REHEARING EN BANC[1]

------------

We grant Appellant Rodolfo R.'s motion for rehearing en banc, withdraw

our opinion and judgment of November 2, 2006, and substitute this opinion and

judgment in their place.

Appellant appeals from the trial court's order, following a nonjury trial,

terminating his parental rights in his children, C.R., E.R., and R.R., Jr. In two

---

[1] ⬜ *See* TEX. R. APP. P. 47.4.

points, Appellant argues that the evidence is legally and factually insufficient (1) to support the trial court's finding that he was convicted for aggravated sexual assault and indecency with a child because those convictions were not final at the time of trial and (2) to show that he engaged in criminal conduct that resulted in his conviction and imprisonment for more than two years following the date of the termination petition's filing. We affirm.

## Background

Appellant is the father of C.R., E.R., and R.R.; their mother is Rosa T., Appellant's common-law wife.[2] Appellant was also the stepfather of Rosa's two other children, G.T. and R.T.

Appellant testified that he was convicted on October 1, 2004, for five separate crimes—two counts of aggravated sexual assault, two counts of indecency with a child, and one count of attempted indecency with a child—and received sentences of more than two years' confinement for each conviction. The victims of his crimes were his children and stepchildren. The Department offered copies of the five judgments into evidence; they reflect sentences ranging from ten to fifty years' confinement.

---

[2] The trial court also terminated Rosa's parental rights.

The trial court found as grounds for termination under family code section 161.001(1) that Appellant had been convicted for being criminally responsible for serious injury to a child under penal code sections 21.11 (indecency with a child) and 22.021 (aggravated sexual assault) and that Appellant had knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and inability to care for the children for not less than two years from the date of filing the petition for termination. *See* TEX. FAM. CODE ANN. §§ 161.001(1)(L), (Q) (Vernon Supp. 2007) (setting forth grounds for termination). The trial court also found that termination of Appellant's parental rights was in the children's best interest and terminated Appellant's rights in the children.

**Family Code Section 263.405(i)**

In our original opinion, a panel of this Court held that family code section 263.405(i) precluded appellate review of Appellant's issues because he had not raised them in a timely-filed statement of points in the trial court under section 263.405(b). *In re C.R.*, No. 02-06-00099-CV, 2006 WL 3114468, at *1 (Tex. App.—Fort Worth Nov. 2, 2006); *see* TEX. FAM. CODE ANN. §§ 263.405(b), (i) (Vernon Supp. 2007). In his motion for rehearing and motion for rehearing en banc, Appellant challenges the constitutionality of section 263.405(i), arguing that it constitutes an infringement on our authority as ultimate arbiter of factual

3

matters on appeal under Section 6 of Article I of the Texas Constitution. TEX. CONST. art. I, § 6.

After Appellant's motion for rehearing and rehearing en banc was filed and while it has been pending in this Court, in *In re D.W.*, sitting en banc, this Court held that section 263.405(i) is void in violation of the separation of powers clause, Section 1 of Article II of the Texas Constitution, by interfering with our constitutionally granted appellate powers under Section 6 of Article I. TEX. CONST. art. II, § 1; No. 02-06-00191-CV, 2008 WL 467328, at *12 (Tex. App.—Fort Worth Feb. 19, 2008, no pet. h.)(en banc). In the interest of justice and judicial economy, we will consider Appellant's issues on the merits.[3]

**Standard of Review**

A parent's rights to "the companionship, care, custody, and management" of his or her children are constitutional interests "far more precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 1397 (1982); *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). In a termination case, the State seeks not just to limit parental rights but to end

---

[3] In a nonjury case, a complaint regarding legal or factual insufficiency of evidence to support a trial court finding may be raised for the first time on appeal. TEX. R. CIV. P. 324(a),(b); TEX. R. APP. P. 33.1(d). Therefore, Appellant's legal and factual insufficiency issues are preserved for appellate review under the trial and appellate procedural rules.

4

them permanently—to divest the parent and child of all legal rights, privileges, duties, and powers normally existing between them, except for the child's right to inherit. TEX. FAM. CODE ANN. § 161.206(b) (Vernon Supp. 2007); *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). We strictly scrutinize termination proceedings and strictly construe involuntary termination statutes in favor of the parent. *Holick*, 685 S.W.2d at 20-21; *In re E.M.N.*, 221 S.W.3d 815, 820 (Tex. App.—Fort Worth 2007, no pet.).

In proceedings to terminate the parent-child relationship brought under section 161.001 of the family code, the petitioner must establish one ground listed under subdivision (1) of the statute and must also prove that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001 (Vernon Supp. 2007); *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). Both elements must be established; termination may not be based solely on the best interest of the child as determined by the trier of fact. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987).

Termination of parental rights is a drastic remedy and is of such weight and gravity that due process requires the petitioner to justify termination by clear and convincing evidence. TEX. FAM. CODE ANN. §§ 161.001, 161.206(a); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). This intermediate standard falls between the preponderance standard of ordinary civil proceedings and the

5

reasonable doubt standard of criminal proceedings. *In re G.M.*, 596 S.W.2d 846, 847 (Tex. 1980); *In re C.S.*, 208 S.W.3d 77, 83 (Tex. App.—Fort Worth 2006, pet. denied). It is defined as the "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (Vernon 2002).

**Grounds for Termination Under Section 161.001(1)**

Family code section 161.001 provides, in pertinent part, as follows:

The court may order termination of the parent-child relationship if the court finds by clear and convincing evidence:

(1) that the parent has:

. . . .

(L) been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child under the following sections of the Penal Code or adjudicated under Title 3 for conduct that caused the death or serious injury of a child and that would constitute a violation of one of the following Penal Code sections:

. . . .

(iv) Section 21.11 (indecency with a child);

. . . .

(vii) Section 22.02 (aggravated assault);

6

(viii) Section 22.021 (aggravated sexual assault);

. . . .

(Q) knowingly engaged in criminal conduct that has resulted in the parent's:

(i) conviction of an offense; and

(ii) confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition; . . . .

TEX. FAM. CODE ANN. §§ 161.001(1)(L), (Q).

**Discussion**

In his first point, Appellant argues that the evidence is legally and factually insufficient to support the trial court's findings under sections 161.001(1)(L) and (Q) because the five convictions underlying the findings are not yet final.[4] A conviction from which an appeal has been taken is not considered to be final until the conviction is affirmed and the court's mandate

---

[4] We affirmed Appellant's convictions for aggravated sexual assault and indecency with a child and reversed and remanded for new trial his conviction for attempted indecency with a child on July 25, 2006. *Rangel v. State*, 199 S.W.3d 523, 544 (Tex. App.—Fort Worth 2006). The court of criminal appeals granted Appellant's and the State's petitions for discretionary review, but dismissed both petitions as improvidently granted on February 13, 2008. *Rangel v. State*, No. PD-0447-06, ___ S.W.3d ___, 2008 WL 375446, at *1 (Tex. Crim App. February 13, 2008). Thus, the convictions are still not final.

of affirmance becomes final. *Russell v. State*, 790 S.W.2d 655, 657 (Tex. Crim. App. 1990).

Appellant concedes that other courts have held that "conviction" as used in section 161.001(1) includes nonfinal convictions. *See Rogers v. Dep't of Family and Protective Servs.*, 175 S.W.3d 370, 378 (Tex. App.— Houston [1st Dist.] 2005, pet. dism'd w.o.j.) ("Although Rogers contends that his criminal conviction cannot be used as evidence because it was on appeal at the time of trial, that is not an accurate reflection of the statute, which makes no reference to post-conviction proceedings."); *In re J.F.L.*, No. 06-04-00102-CV, 2005 WL 957974, at *1 (Tex. App.— Texarkana April 27, 2005, no pet.) ("The statute does not contain language requiring proof of a final conviction, as would be required in an enhancement context. It requires only proof of a conviction."); *but see In re S.K.S.*, 648 S.W.2d 402, 404 (Tex. App.— San Antonio 1983, no writ) (affirming termination on failure to support but noting in dictum that if the father's conviction had not been on appeal, "surely a final conviction for the murder of the mother of the child would constitute the conduct described in sub [section] (E)").

Despite the persuasive authority from other courts, Appellant argues that if the legislature had intended section 161.001(1) to encompass nonfinal convictions, it would have explicitly said so. But from the plain language of

section 161.001(1)(L) — "[has] been convicted or has been placed on community supervision, *including deferred adjudication community supervision* — it is clear that the legislature intended that subsection to encompass far more than final convictions as grounds for termination. TEX. FAM. CODE ANN. § 161.001(1)(L) (emphasis added). The legislature's inclusion of deferred adjudication as grounds for termination shows that it intended subsection (L) to cover more than just final convictions.

Appellant observes that only final convictions may be used to enhance punishment under the penal code, *see, e.g., Russell*, 790 S.W.2d at 657, and argues that we must presume that the legislature enacted section 161.001(1) with knowledge of court decisions so holding. *See Phillips v. Beaber*, 995 S.W.2d 655, 658 (Tex. 1999) ("[W]e presume that the Legislature acted with knowledge of the common law and court decisions."). But the presumption that the legislature was aware that courts have long held that only final convictions may be used to enhance punishment under the penal code does not mean the legislature intended to restrict the word "convicted" to the same meaning in the family code under entirely different situations and circumstances. And as we have already noted, the language of section 161.001(1)(L) shows that the legislature did not intend to restrict termination under that subsection only to final convictions.

9

Appellant also points to penal code section 49.09 and election code section 141.001 to show that the legislature has explicitly expanded and restricted the meaning of "conviction" when it wanted to. Penal code section 49.09(d) includes a conviction with a probated sentence within the meaning of "final conviction" for enhancing punishment for repeat driving-while-intoxicated offenders. TEX. PENAL CODE ANN. § 49.09(d) (Vernon Supp. 2007). Conversely, section 141.001 of the election code specifically restricts eligibility for public office to those who have not been "*finally* convicted of a felony." TEX. ELEC. CODE ANN. § 141.001(a)(4) (Vernon Supp. 2007) (emphasis added). Rather than support Appellant's argument, these statutes highlight the fact that when the legislature intends to expand or restrict the meaning of the word "conviction," it does so explicitly. In family code section 161.001(1)(L), the legislature did not explicitly restrict the kind of convictions that will support termination to final convictions, and its inclusion of deferred adjudication as a ground for termination shows that the legislature intended to set the threshold for termination well below the level of final conviction. *See* TEX. FAM. CODE ANN. § 161.001(1)(L).

We therefore follow the precedent set by our sister courts and hold that a nonfinal conviction that otherwise meets the requirements of section 161.001(1)(L) will support termination. In this case, Appellant admitted that

10

he had been convicted of two counts of aggravated sexual assault and two counts of indecency with a child. He does not challenge the trial court's finding that these offenses caused serious injury to the child victims. Thus, the evidence is both legally and factually sufficient to support the trial court's finding that Appellant had violated section 161.001(1)(L). We overrule the part of his first point that concerns the trial court's section 161.001(1)(L) finding. Because a finding of a single ground under section 161.001(1), in conjunction with a finding that termination is in the child's best interest under section 161.001(2), will support a trial court's termination order, we need not consider the remainder of Appellant's first point or his second point, both of which concern the trial court's finding under section 161.001(1)(Q). *See* TEX. FAM. CODE ANN. § 161.001; *In re J.L.*, 163 S.W.3d at 84; TEX. R. APP. P. 47.1.[5]

---

[5] We likewise need not reach Appellant's other argument raised in his motion for rehearing—that section 263.405(i) is unconstitutional because it prevents the rendition of effective assistance of counsel on appeal by requiring the filing of a statement of all points to be raised on appeal before the record can be prepared. *See* TEX. R. APP. P. 47.1.

11

**Conclusion**

Having overruled Appellant's first point in part and having determined that we need not consider the remainder of his first point nor his second point, we affirm the trial court's termination order.

ANNE GARDNER
JUSTICE

EN BANC

CAYCE, C.J.; concurs without opinion.
HOLMAN, J., concurs without opinion.
MCCOY, J., concurs without opinion.

DELIVERED:  April 10, 2008