COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-099-CV

 

 

IN THE INTEREST OF 

 

 

 

C.R., E.R., AND R.R.,
JR., CHILDREN                                                      

                                                                                                        

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                  MEMORANDUM
OPINION ON APPELLANT=S

                    MOTION
FOR REHEARING EN BANC[1]

 

                                              ------------

We grant Appellant Rodolfo R.=s motion for
rehearing en banc, withdraw our opinion and judgment of November 2, 2006, and
substitute this opinion and judgment in their place.








Appellant appeals from the
trial court=s order,
following a nonjury trial, terminating his parental rights in his children,
C.R., E.R., and R.R., Jr.  In two points,
Appellant argues that the evidence is legally and factually insufficient (1) to
support the trial court=s finding
that he was convicted for aggravated sexual assault and indecency with a child
because those convictions were not final at the time of trial and (2) to show
that he engaged in criminal conduct that resulted in his conviction and imprisonment
for more than two years following the date of the termination petition=s filing.  We affirm.

                                            Background

Appellant is the father of
C.R., E.R., and R.R.; their mother is Rosa T., Appellant=s common-law wife.[2]  Appellant was also the stepfather of Rosa=s two other children, G.T. and R.T. 

Appellant testified that he
was convicted on October 1, 2004, for five separate crimesCtwo counts of aggravated sexual assault, two counts of indecency with
a child, and one count of attempted indecency with a childCand received sentences of more than two years= confinement for each conviction. 
The victims of his crimes were his children and stepchildren.  The Department offered copies of the five judgments
into evidence; they reflect sentences ranging from ten to fifty years= confinement. 








The trial court found as
grounds for termination under family code section 161.001(1) that Appellant had
been convicted for being criminally responsible for serious injury to a child
under penal code sections 21.11 (indecency with a child) and 22.021 (aggravated
sexual assault) and that Appellant had knowingly engaged in criminal conduct
that resulted in his conviction of an offense and confinement or imprisonment
and inability to care for the children for not less than two years from the
date of filing the petition for termination. 
See Tex. Fam. Code Ann.
'' 161.001(1)(L), (Q) (Vernon Supp. 2007) (setting forth grounds
for termination).  The trial court also
found that termination of Appellant=s parental rights was in the children=s best interest and terminated Appellant=s rights in the children. 

                               Family Code Section 263.405(i)








In our original opinion, a
panel of this Court held that family code section 263.405(i) precluded
appellate review of Appellant=s issues because he had not raised them in a timely-filed statement of
points in the trial court under section 263.405(b).  In re C.R., No. 02‑06‑00099‑CV,
2006 WL 3114468, at *1 (Tex. App.CFort Worth Nov. 2, 2006); see Tex.
Fam. Code Ann. '' 263.405(b),
(i) (Vernon Supp. 2007).  In his motion
for rehearing and motion for rehearing en banc, Appellant challenges the
constitutionality of section 263.405(i), arguing that it constitutes an
infringement on our authority as ultimate arbiter of factual matters on appeal
under Section 6 of Article I of the Texas Constitution.  Tex.
Const. art. I, ' 6.  

After Appellant=s motion for rehearing and rehearing en banc was filed and while it
has been pending in this Court, in In re D.W., sitting en banc, this
Court held that section 263.405(i) is void in violation of the separation of
powers clause, Section 1 of Article II of the Texas Constitution, by
interfering with our constitutionally granted appellate powers under Section 6
of Article I.  Tex. Const. art. II, ' 1; No. 02-06-00191-CV, 2008 WL 467328, at *12 (Tex. App.CFort Worth Feb. 19, 2008, no pet. h.)(en banc).  In the interest of justice and judicial economy,
we will consider Appellant=s issues on the merits.[3]

                                       Standard of Review








A parent=s rights to Athe
companionship, care, custody, and management@ of his or her children are constitutional interests Afar more precious than any property right.@  Santosky v. Kramer, 455
U.S. 745, 758-59, 102 S. Ct. 1388, 1397 (1982); In re M.S., 115 S.W.3d
534, 547 (Tex. 2003).  In a termination
case, the State seeks not just to limit parental rights but to end them
permanentlyCto divest
the parent and child of all legal rights, privileges, duties, and powers
normally existing between them, except for the child=s right to inherit.  TEX. FAM. CODE ANN. ' 161.206(b) (Vernon Supp. 2007); Holick v. Smith, 685
S.W.2d 18, 20 (Tex. 1985).  We strictly
scrutinize termination proceedings and strictly construe involuntary
termination statutes in favor of the parent. 
Holick, 685 S.W.2d at 20-21; In re E.M.N., 221 S.W.3d 815,
820 (Tex. App.CFort Worth
2007, no pet.).

In proceedings to terminate
the parent‑child relationship brought under section 161.001 of the family
code, the petitioner must establish one ground listed under subdivision (1) of
the statute and must also prove that termination is in the best interest of the
child.  TEX. FAM. CODE ANN. ' 161.001
(Vernon Supp. 2007); In re J.L., 163 S.W.3d 79, 84 (Tex. 2005).  Both elements must be established;
termination may not be based solely on the best interest of the child as
determined by the trier of fact.  Tex.
Dep=t of Human
Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex.
1987).








Termination of parental
rights is a drastic remedy and is of such weight and gravity that due process
requires the petitioner to justify termination by clear and convincing
evidence.  TEX. FAM. CODE ANN. '' 161.001, 161.206(a); In re J.F.C., 96 S.W.3d 256, 263
(Tex. 2002).  This intermediate standard
falls between the preponderance standard of ordinary civil proceedings and the
reasonable doubt standard of criminal proceedings.  In re G.M., 596 S.W.2d 846, 847 (Tex.
1980); In re C.S., 208 S.W.3d 77, 83 (Tex. App.CFort Worth 2006, pet. denied). 
It is defined as the Ameasure or degree of proof that will produce in the mind of the trier
of fact a firm belief or conviction as to the truth of the allegations sought
to be established.@  Tex.
Fam. Code Ann. ' 101.007
(Vernon 2002).

                  Grounds for Termination Under Section 161.001(1)

Family code section 161.001
provides, in pertinent part, as follows:

The court may order termination of the parent‑child
relationship if the court finds by clear and convincing evidence:

 

(1)
that the parent has:

 

. . . .

 

(L) been convicted or has been placed on
community supervision, including deferred adjudication community supervision,
for being criminally responsible for the death or serious injury of a child
under the following sections of the Penal Code or adjudicated under Title 3 for
conduct that caused the death or serious injury of a child and that would
constitute a violation of one of the following Penal Code sections:

 

. . .
.

 

(iv)
Section 21.11 (indecency with a child);

 

. . . .

 

(vii)
Section 22.02 (aggravated assault);

 








(viii)
Section 22.021 (aggravated sexual assault);

 

. . . .

 

(Q) knowingly engaged in criminal conduct that
has resulted in the parent=s:

 

(i)
conviction of an offense; and

 

(ii)
confinement or imprisonment and inability to care for the child for not less
than two years from the date of filing the petition; . . . .

 

Tex. Fam. Code Ann. '' 161.001(1)(L), (Q).

                                             Discussion








In his first point, Appellant
argues that the evidence is legally and factually insufficient to support the
trial court=s findings
under sections 161.001(1)(L) and (Q) because the five convictions underlying
the findings are not yet final.[4]  A conviction from which an appeal has been
taken is not considered to be final until the conviction is affirmed and the
court=s mandate of affirmance becomes final. 
Russell v. State, 790 S.W.2d 655, 657 (Tex. Crim. App. 1990).

Appellant concedes that other
courts have held that Aconviction@ as used in section 161.001(1) includes nonfinal convictions.  See Rogers v. Dep=t of Family and Protective Servs., 175
S.W.3d 370, 378 (Tex. App.C Houston [1st Dist.] 2005, pet. dism=d w.o.j.) (AAlthough
Rogers contends that his criminal conviction cannot be used as evidence because
it was on appeal at the time of trial, that is not an accurate reflection of
the statute, which makes no reference to post‑conviction proceedings.@); In re J.F.L., No. 06‑04‑00102‑CV, 2005 WL
957974, at *1 (Tex. App.CTexarkana
April 27, 2005, no pet.) (AThe statute does not contain language requiring proof of a final
conviction, as would be required in an enhancement context.  It requires only proof of a conviction.@); but see In re S.K.S., 648 S.W.2d 402, 404 (Tex. App.CSan Antonio 1983, no writ) (affirming termination on failure to
support but noting in dictum that if the father=s conviction had not been on appeal, Asurely a final conviction for the murder of the mother of the child
would constitute the conduct described in sub [section] (E)@).








Despite the persuasive
authority from other courts,  Appellant
argues that if the legislature had intended section 161.001(1) to encompass
nonfinal convictions, it would have explicitly said so.  But from the plain language of section
161.001(1)(L)CA[has] been convicted or has been placed on community supervision,
including deferred adjudication community supervisionCit is clear that the legislature intended that subsection to encompass
far more than final convictions as grounds for termination.  Tex.
Fam. Code Ann. ' 
161.001(1)(L) (emphasis added).  The
legislature=s inclusion
of deferred adjudication as grounds for termination shows that it intended
subsection (L) to cover more than just final convictions.

Appellant observes that only
final convictions may be used to enhance punishment under the penal code, see,
e.g., Russell, 790 S.W.2d at 657, and argues that we must presume that the
legislature enacted section 161.001(1) with knowledge of court decisions so
holding.  See Phillips v. Beaber,
995 S.W.2d 655, 658 (Tex. 1999) (A[W]e presume that the Legislature acted with knowledge of the common
law and court decisions.@).  But the presumption that the legislature was
aware that courts have long held that only final convictions may be used to
enhance punishment under the penal code does not  mean the legislature intended to restrict the
word Aconvicted@ to the same
meaning in the family code under entirely different situations and
circumstances.  And as we have already
noted, the language of section 161.001(1)(L) shows that the legislature did not
intend to restrict termination under that subsection only to final convictions.








Appellant also points to
penal code section 49.09 and election code section 141.001 to show that the
legislature has explicitly expanded and restricted the meaning of Aconviction@ when it
wanted to.  Penal code section 49.09(d)
includes a conviction with a probated sentence within the meaning of Afinal conviction@ for
enhancing punishment for repeat driving-while-intoxicated offenders.  Tex.
Penal Code Ann. ' 49.09(d)
(Vernon Supp. 2007).  Conversely, section
141.001 of the election code specifically restricts eligibility for public
office to those who have not been Afinally convicted of a felony.@  Tex. Elec. Code Ann. ' 141.001(a)(4) (Vernon Supp. 2007) (emphasis added).  Rather than support Appellant=s argument, these statutes highlight the fact that when the
legislature intends to expand or restrict the meaning of the word Aconviction,@ it does so
explicitly.  In family code section
161.001(1)(L), the legislature did not explicitly restrict the kind of
convictions that will support termination to final convictions, and its
inclusion of deferred adjudication as a ground for termination shows that the
legislature intended to set the threshold for termination well below the level
of final conviction.  See Tex. Fam. Code Ann. '  161.001(1)(L).








We therefore follow the
precedent set by our sister courts and hold that a nonfinal conviction that
otherwise meets the requirements of section 161.001(1)(L) will support
termination.  In this case, Appellant
admitted that he had been convicted of two counts of aggravated sexual assault
and two counts of indecency with a child. 
He does not challenge the trial court=s finding that these offenses caused serious injury to the child
victims.  Thus, the evidence is both legally
and factually sufficient to support the trial court=s finding that Appellant had violated section 161.001(1)(L).  We overrule the part of his first point that
concerns the trial court=s section
161.001(1)(L) finding.  Because a finding
of a single ground under section 161.001(1), in conjunction with a finding that
termination is in the child=s best interest under section 161.001(2), will support a trial court=s termination order, we need not consider the remainder of Appellant=s first point or his second point, both of which concern the trial
court=s finding under section 161.001(1)(Q). 
See TEX. FAM. CODE ANN. ' 161.001;
In re J.L., 163 S.W.3d at 84; Tex.
R. App. P. 47.1.[5]

 

 

 

 








 

                                             Conclusion

Having overruled Appellant=s first point in part and having determined that we need not consider
the remainder of his first point nor his second point, we affirm the trial
court=s termination order.

 

ANNE GARDNER

JUSTICE

 

EN
BANC

 

CAYCE,
C.J.; concurs without opinion.

HOLMAN,
J., concurs without opinion.

MCCOY,
J., concurs without opinion.

 

DELIVERED:  April 10, 2008  











[1]See Tex.
R. App. P. 47.4.





[2]The
trial court also terminated Rosa=s parental rights. 





[3]In a
nonjury case, a complaint regarding legal or factual insufficiency of evidence
to support a trial court finding may be raised for the first time on appeal.  Tex.
R. Civ. P. 324(a),(b); Tex. R.
App. P. 33.1(d).  Therefore,
Appellant=s
legal and factual insufficiency issues are preserved for appellate review under
the trial and appellate procedural rules. 






[4]We
affirmed Appellant=s
convictions for aggravated sexual assault and indecency with a child and
reversed and remanded for new trial his conviction for attempted indecency with
a child on July 25, 2006.  Rangel v.
State, 199 S.W.3d 523, 544 (Tex. App.CFort Worth 2006).  The court of criminal appeals granted
Appellant=s and
the State=s
petitions for discretionary review, but dismissed both petitions as
improvidently granted on February 13, 2008. 
Rangel v. State, No. PD‑0447‑06, ___ S.W.3d ___, 2008
WL 375446, at *1 (Tex. Crim App. February 13, 2008).  Thus, the convictions are still not final.





[5]We
likewise need not reach Appellant=s other argument raised in
his motion for rehearingCthat
section 263.405(i) is unconstitutional because it prevents the rendition of
effective assistance of counsel on appeal by requiring the filing of a
statement of all points to be raised on appeal before the record can be
prepared.  See Tex. R. App. P. 47.1.