

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00104-CR

**LARRY DARNELL ALLEN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court No. 05-06008-CRF-272**

## MEMORANDUM OPINION

A jury found Larry Allen guilty of possession of cocaine (one gram or more and less than four grams) with intent to deliver. Finding two enhancement paragraphs to be true, the jury assessed punishment at 75 years in prison. Allen appealed, and we affirmed the guilt finding but reversed the sentence and remanded the case for a new punishment hearing. *Allen v. State*, 236 S.W.3d 818 (Tex. App.—Waco 2007, pet. ref'd).

A new punishment hearing was held, and just as he did in his original trial, Allen represented himself with standby counsel present. The jury found the two

enhancement paragraphs to be true and assessed punishment at 90 years in prison.

Asserting two issues, Allen appeals again. We will affirm.

Allen's first issue asserts that he did not knowingly, voluntarily, or intelligently waive his right to representation by counsel.

> The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." The right to counsel at trial is regarded as fundamental. The assistance of counsel protects a defendant's right to a fair trial; counsel ensures that the prosecution's case is subjected to meaningful adversarial testing and safeguards the defendant's rights. An indigent defendant is therefore entitled to appointed counsel unless the defendant competently, intelligently, and voluntarily waives the right to counsel.

> The Sixth Amendment also includes the reciprocal right to self-representation. However, "the right to self-representation does not attach until it has been clearly and unequivocally asserted." Once asserted, under *Faretta*, the trial judge must inform the defendant about "the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" When advising a defendant about the dangers and disadvantages of self-representation, the trial judge must inform the defendant "that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his pro se rights." But a trial judge has no duty to inquire into an accused's "age, education, background or previous mental history in every instance where an accused expresses a desire to represent himself[.]"

> "'[C]ourts indulge every reasonable presumption against waiver' and ... 'do not presume acquiescence in the loss of fundamental rights.'" The trial judge is responsible for determining whether a defendant's waiver is knowing, intelligent, and voluntary. To assess whether a waiver is effective, courts consider the totality of the circumstances. This means that courts must examine "the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."

*Williams v. State*, 252 S.W.3d 353, 355-56 (Tex. Crim. App. 2008) (citations omitted).

Before jury selection in the new punishment hearing, the following colloquy took place:

> [PROSECUTOR]: Before we go any further, can we get on the record that the defendant is still pro se at this time.
>
> THE COURT: Mr. Allen is still pro se. He is here. Kyle Hawthorne is here as standby attorney, if he has any questions, on his behalf.
>
> I have gone over with you, Mr. Allen, all the dangers and disadvantages of representing yourself at a previous time.
>
> [ALLEN]: Yes, sir.
>
> THE COURT: Do you still wish to proceed without an attorney?
>
> [ALLEN]: Yes, sir.
>
> [PROSECUTOR]: I know the first go-round, Judge Davis went over with him pretty thoroughly, and you went over it with them again as far as pro se representation.
>
> THE COURT: Do you remember Judge Davis' warnings he gave you in your first trial? It has been a while. Not in detail, but do you remember he warned you about representing yourself?
>
> [ALLEN]: Yes, sir.
>
> THE COURT: All right.[1]

In void dire, Allen told the jury panel:

> Good afternoon, ladies and gentlemen. We are here today to finish a trial that started back in '05, '06. As they told you-all, I was found guilty of possession of drugs, manufacturing and intent to sell. I was my own lawyer as I am now. I feel that the best way is to represent myself since I know what went on. It is for me to tell what went on. You got some fine lawyers around here, but for this case I feel that it was best for me to speak for me.

---

[1] Our opinion in Allen's first appeal details the original admonishment that Allen had received. *See Allen,* 236 S.W.3d at 819-20.

Allen then conducted voir dire, gave an opening statement, objected to evidence (including the judgment that is the basis for his second issue) and questioned witnesses, examined the charge, and gave a closing argument.

Based on the totality of the circumstances—the original admonishment and Allen's self-representation in his first trial, the above colloquy in which Allen affirmed his knowledge of that admonishment and that he wanted to represent himself, the presence of standby counsel, and Allen's conduct—we conclude that Allen knowingly, voluntarily, and intelligently waived his right to representation by counsel. Issue one is overruled.

In his second issue, Allen asserts that the evidence is insufficient to prove the finality of a 1986 Brazos County conviction for possession of a controlled substance, as alleged in the first enhancement paragraph. In Allen's first appeal, we held that the State had not proved that conviction's finality, as the pen packet had included a notice of appeal. *See Allen,* 236 S.W.3d at 822-23.

> A prior conviction must be final before it can be used to enhance punishment. *Russell v. State,* 790 S.W.2d 655, 657 (Tex. Crim. App. 1990). A conviction that has been appealed is not final until the appellate court has affirmed the conviction and issued its mandate. *Johnson v. State,* 784 S.W.2d 413, 414 (Tex. Crim. App. 1990). By introducing evidence of the non-final nature of a prior conviction, the State must prove its finality to use it for enhancement. *Jones v. State,* 711 S.W.2d 634, 636 (Tex. Crim. App. 1986), *overruled on other grounds by Bell v. State,* 994 S.W.2d 173, 175 (Tex. Crim. App. 1999).

*Id.* at 822-23.

In the new punishment hearing, the State introduced certified copies of the Court of Criminal Appeals' refusal of Allen's petition for discretionary review and this court's mandate.[2]  This evidence was sufficient to prove finality.  We overrule issue two.

Having overruled both issues, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed May 18, 2011
Do not publish
[CRPM]

---

[2] The State also introduced a nunc pro tunc judgment in the 1986 case that only corrected the cause number.  Allen argues that the nunc pro tunc judgment does not establish finality of the conviction because there was no evidence of a hearing relating to entry of the nunc pro tunc judgment.  This argument is irrelevant to the conviction's finality; Allen cites no authority to the contrary.