IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00104-CR

 

Larry Darnell Allen,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court No. 05-06008-CRF-272

 



MEMORANDUM  Opinion



 

A jury found Larry Allen guilty of
possession of cocaine (one gram or more and less than four grams) with intent
to deliver.  Finding two enhancement paragraphs to be true, the jury assessed
punishment at 75 years in prison.  Allen appealed, and we affirmed the guilt
finding but reversed the sentence and remanded the case for a new punishment
hearing.  Allen v. State, 236 S.W.3d 818 (Tex. App.—Waco 2007, pet.
ref’d).

A new punishment hearing was held, and just
as he did in his original trial, Allen represented himself with standby counsel
present.  The jury found the two enhancement paragraphs to be true and assessed
punishment at 90 years in prison.  Asserting two issues, Allen appeals again. 
We will affirm.

Allen’s first issue asserts that he did
not knowingly, voluntarily, or intelligently waive his right to representation
by counsel.

The Sixth Amendment guarantees that “[i]n
all criminal prosecutions, the accused shall enjoy the right ... to have the
Assistance of Counsel for his defense.”  The right to counsel at trial is regarded
as fundamental.  The assistance of counsel protects a defendant’s right to a
fair trial; counsel ensures that the prosecution’s case is subjected to
meaningful adversarial testing and safeguards the defendant's rights.  An
indigent defendant is therefore entitled to appointed counsel unless the
defendant competently, intelligently, and voluntarily waives the right to
counsel.

 

The Sixth Amendment also includes the
reciprocal right to self-representation.  However, “the right to
self-representation does not attach until it has been clearly and unequivocably
asserted.”  Once asserted, under Faretta, the trial judge must inform
the defendant about “the dangers and disadvantages of self-representation, so
that the record will establish that ‘he knows what he is doing and his choice
is made with eyes open.’“  When advising a defendant about the dangers and
disadvantages of self-representation, the trial judge must inform the defendant
“that there are technical rules of evidence and procedure, and he will not be
granted any special consideration solely because he asserted his pro se
rights.”  But a trial judge has no duty to inquire into an accused’s “age,
education, background or previous mental history in every instance where an
accused expresses a desire to represent himself[.]”

 

“’[C]ourts indulge every reasonable
presumption against waiver’ and ... ‘do not presume acquiescence in the loss of
fundamental rights.’”  The trial judge is responsible for determining whether a
defendant’s waiver is knowing, intelligent, and voluntary.  To assess whether a
waiver is effective, courts consider the totality of the circumstances.  This means
that courts must examine “the particular facts and circumstances surrounding
that case, including the background, experience, and conduct of the accused.”

 

Williams v. State, 252 S.W.3d 353, 355-56 (Tex. Crim. App.
2008) (citations omitted).  

Before jury selection in the new
punishment hearing, the following colloquy took place:

[Prosecutor]: 
Before we go any further, can we get on the record that the defendant is still
pro se at this time.

 

THE COURT:  Mr. Allen is still pro se. 
He is here.  Kyle Hawthorne is here as standby attorney, if he has any
questions, on his behalf.

 

I have gone over with you, Mr. Allen,
all the dangers and disadvantages of representing yourself at a previous time.

 

[Allen]: 
Yes, sir.

 

THE COURT:  Do you still wish to proceed
without an attorney?

 

[Allen]: 
Yes, sir.

 

[Prosecutor]: 
I know the first go-round, Judge Davis went over with him pretty thoroughly,
and you went over it with them again as far as pro se representation.

 

THE COURT:  Do you remember Judge Davis’
warnings he gave you in your first trial?  It has been a while.  Not in detail,
but do you remember he warned you about representing yourself?

 

[Allen]: 
Yes, sir.

 

THE COURT:  All right.[1]

 

In void dire, Allen told the jury panel:

Good afternoon, ladies and gentlemen. 
We are here today to finish a trial that started back in ’05, ’06.  As they
told you-all, I was found guilty of possession of drugs, manufacturing and
intent to sell.  I was my own lawyer as I am now.  I feel that the best way is
to represent myself since I know what went on.  It is for me to tell what went
on.  You got some fine lawyers around here, but for this case I feel that it
was best for me to speak for me.

 

Allen then conducted voir dire, gave an
opening statement, objected to evidence (including the judgment that is the
basis for his second issue) and questioned witnesses, examined the charge, and
gave a closing argument.

Based on the totality of the
circumstances—the original admonishment and Allen’s self-representation in his
first trial, the above colloquy in which Allen affirmed his knowledge of that
admonishment and that he wanted to represent himself, the presence of standby
counsel, and Allen’s conduct—we conclude that Allen knowingly, voluntarily, and
intelligently waived his right to representation by counsel.  Issue one is
overruled.

In his second issue, Allen asserts that
the evidence is insufficient to prove the finality of a 1986 Brazos County conviction
for possession of a controlled substance, as alleged in the first enhancement
paragraph.  In Allen’s first appeal, we held that the State had not proved that
conviction’s finality, as the pen packet had included a notice of appeal.  See
Allen, 236 S.W.3d at 822-23.

A prior conviction must be final before
it can be used to enhance punishment.  Russell v. State, 790 S.W.2d 655,
657 (Tex. Crim. App. 1990).  A conviction that has been appealed is not final
until the appellate court has affirmed the conviction and issued its mandate.  Johnson
v. State, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990).  By introducing
evidence of the non-final nature of a prior conviction, the State must prove
its finality to use it for enhancement.  Jones v. State, 711 S.W.2d 634,
636 (Tex. Crim. App. 1986), overruled on other grounds by Bell v. State,
994 S.W.2d 173, 175 (Tex. Crim. App. 1999).

 

Id. at 822-23.

 

            In the new punishment
hearing, the State introduced certified copies of the Court of Criminal
Appeals’ refusal of Allen’s petition for discretionary review and this court’s
mandate.[2] 
This evidence was sufficient to prove finality.  We overrule issue two.

Having overruled both issues, we affirm
the trial court’s judgment.

 

 

 

REX
D. DAVIS

Justice

 

Before Chief
Justice Gray,

Justice
Davis, and

Justice
Scoggins

Affirmed

Opinion
delivered and filed May 18, 2011

Do not publish

[CRPM]









[1]
Our opinion in
Allen’s first appeal details the original admonishment that Allen had
received.  See Allen, 236 S.W.3d at 819-20.

 





[2] The State also introduced a nunc pro
tunc judgment in the 1986 case that only corrected the cause number.  Allen
argues that the nunc pro tunc judgment does not establish finality of the
conviction because there was no evidence of a hearing relating to entry of the
nunc pro tunc judgment.  This argument is irrelevant to the conviction’s
finality; Allen cites no authority to the contrary.